UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANEL T. MATHIS, JR. Plaintiff

v. Civil Action No. 3:20-CV-P783-RGJ

OFFICER WILLIAM MAYO et al. Defendants

* * * * *

**MEMORANDUM OPINION**

Plaintiff, Danel T. Mathis, Jr., filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff, a pretrial detainee in the Oldham County Detention Center, names as Defendants in their individual capacities two Louisville Metro Police Department Officers: William Mayo and Curt Flynn. He alleges that on April 13, 2019, Defendants, who are white, racially profiled him (he states that he is black), "lied and falsified reports in order to stop, detain and search me when I was in fact breaking no laws or violations." He explains that on that date he was "walking down the street and waiting on my mother to come and pick me up," when Defendants, who were in a black SUV following him, jumped out, detained him, and placed him under arrest without reason.

As relief, Plaintiff requests monetary and punitive damages, to have Defendants removed from their employment, and to have implemented "policies to keep this from happening again."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604. A case is frivolous if it lacks an arguable basis either in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

In *Wallace v. Kato*, the United States Supreme Court held that, in cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). To the extent that Plaintiff is alleging a wrongful-arrest claim, "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. at 397). While Plaintiff does not indicate when he was arraigned, it necessarily occurred close in time to the date he was arrested/detained. *See, e.g.*, Ky. R. Crim. P. 8.01 ("Within a reasonable time after service of the warrant or summons on the indictment or information, the judge shall proceed as provided in Rule 3.05 and shall also proceed with or set a time for arraignment.").

Additionally, a claim of unlawful search and seizure accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004.").

The Supreme Court has also held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. at 215. Here, it is obvious from the face of the complaint, that Plaintiff's claims are barred by the statute of limitations. According to the complaint, the search, detention, and arrest occurred in April 2019. This complaint was not filed until November 13, 2020, well after the

one-year statute of limitations had expired.[1] Because the instant action is time-barred, it will be dismissed as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

## III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date: April 14, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
A961.009

[1] Under the prisoner mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing").